UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL L. EVERETT,  :
    Plaintiff  :
      :
    v.  : CIVIL NO. 1:12-CV-0314
      :
GOLDEN LIVING *et al.*,  :
    Defendants  :


*M E M O R A N D U M*

*I.*    *Introduction*

    We are considering a motion for summary judgment filed by Defendants, Golden Living, Golden Living Center-West Shore, and Golden Living Centers Golden Living Corporation, Inc. This matter relates to the termination of Plaintiff, Michael Everett. On February 16, 2012, Plaintiff filed the instant action alleging Defendants discriminated against him on the basis of race and sex and retaliated against him for making a discrimination claim. Defendants argue that summary judgment should be granted in their favor, because Plaintiff has failed to provide sufficient evidence to establish retaliation and disparate treatment.

*II.     Background*

On December 7, 2010, Plaintiff was hired as a part-time dietary aide at Golden Living-West Shore. Like all new hires, Plaintiff was subject to a ninety-day probationary period, during which he could be terminated for any violation of company policy. During the beginning of his employment, Plaintiff was working full-time hours and received overtime. Shortly thereafter, Plaintiff's hours were reduced to part-time. Plaintiff alleges this was a result of sex discrimination, but Defendants contend that a full-time employee returned, resulting in the reduction of hours for part-time, probationary employees. Defendants also assert that this reduction brought Plaintiff's hours in line with other part-time employees.

In December 2010, Plaintiff was verbally reprimanded by his supervisor, Andrew Ruscavage, for speaking to a nurse while she was distributing medication to residents of the facility. At that time, Ruscavage explained to Plaintiff that he was only to engage in personal conversation with other staff in the break room. The female nurse he was speaking with was not reprimanded. In January 2011, Plaintiff failed to show up for work because he had incorrectly recorded his schedule. On February 16, 2011, Plaintiff was given a written warning for conversing with a staff member who was working. The incident occurred minutes after Ruscavage had asked Plaintiff to end a personal conversation with the same employee.

On February 23, 2011. Plaintiff alleges that Trevor, another employee on the dietary staff, made a racial statement directed toward Plaintiff. Plaintiff reported the

incident to another employee, Aaron Yancy.[1] On February 24, Plaintiff made an appointment to report the incident to Beverly Fry, the facility's Administrator. Approximately an hour before the appointment, Plaintiff was terminated.

In support of his race discrimination claim, Plaintiff submits an affidavit of Crystal Scott, the House Registered Nurse Supervisor at the time of Plaintiff's employment. She indicates that Plaintiff spoke with her about Trevor's racial statement. She also states that her

> knowledge about discrimination at Golden Living was from the ED of the company. It was mostly about [ ] 'black' people and when their income taxes would come. She would make jokes and comments about 'their' being able to take off work because 'they' have some money.

(Doc. 30-1, at 11-12). The affidavit does not describe the definition of "ED," or the identity of this person.

Plaintiff brought an employment discrimination claim before the Pennsylvania Human Relations Commission ("PHRC") and the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed a "Notice of Suit Rights" to plaintiff. On February 16, 2012, Plaintiff brought the present claim, alleging race and sex discrimination. On May 31, 2013, Defendants filed a motion for summary judgment. After a request for an extension was granted, Plaintiff filed an untimely opposition brief

---

[1] Defendants' statement of material facts describes Aaron Yancy as "another employee in the dietary department." However, Plaintiff's deposition testimony describes Yancy has his direct supervisor.

on July 29, 2013.[2] Although untimely, we will consider Plaintiff's opposition brief in our determination of the present motion.

III.     Standard of Review

We will examine the motion for summary judgment under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact."). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011).

IV.     Discussion

A. Disparate Treatment Claims

Defendants argue that summary judgment should be granted on Plaintiff's disparate treatment claims. To establish a *prima facie* case under Title VII, Plaintiff must

---

[2] Plaintiff's opposition brief was accompanied by a "Pre-Trial Motion" and a motion to accept the untimely opposition brief and pre-trial motion. Because the "Pre-Trial Motion" does not request any relief which this court can provide, we will construe it as a brief in opposition to the motion for summary judgment. We will grant Plaintiff's motion to accept the untimely opposition brief.

demonstrate that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances that could give rise to the inference of discrimination.[3] Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). Once the plaintiff has established the *prima facie* case, the defendant must present a legitimate, non-discriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802-3. If a legitimate reason is given by the employer, then the plaintiff must demonstrate that the employer's reason is pretextual. Id.

*1. Prima Facie Case*

Defendants assume that Plaintiff has met the first three requirements of the *prima facie* case, but they contend that Plaintiff has failed to demonstrate that his reduction in hours or termination occurred under circumstances that could give rise to an inference of discrimination.[4] "The central focus of the *prima facie* case is always whether the employer is treating some people less favorably than others because of their race,

---

[3] To the extent Plaintiff raises claims under the Pennsylvania Human Relations Act ("PHRA"), they are governed by the same standards as those brought under Title VII. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).
Race and sex discrimination claims follow the same burden shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)).

[4] We note that "[a] reduction of hours . . . would qualify as an adverse employment action as it could deprive that plaintiff of employment opportunities or affect her status as an employee." Mock v. Northampton Cnty. Sheriffs Dep't, 07-3607, 2008 U.S. Dist. LEXIS 59133, 2008 WL 2996714, at *8 (E.D. Pa. 2008).

color, religion, sex, or national origin." Sarullo v. United States Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) (citations omitted). Plaintiff must establish "some causal nexus between his membership in a protected class and the decision to [reduce his hours or terminate him]." Id.

Plaintiff asserts that although he was hired as a part-time, probationary employee, he was working full-time hours and receiving over-time until a full-time, female employee returned to work. He contends this was a result of sex discrimination, because the hours of the female, part-time employees were not cut. We find this sufficient to show that his reduction in hours occurred under circumstances that give rise to an inference of discrimination. However, Plaintiff has not provided any evidence suggesting that his termination occurred under circumstances which would give rise to an inference of sex discrimination. We find Plaintiff has established a *prima facie* case of sex discrimination with respect to his reduction in hours, but not his termination.

The only evidence Plaintiff submits to establish a casual connection between his termination and reduction in hours and his race is an incident in which a co-worker made a derogatory statement about African Americans. He fails to explain how this incident demonstrates a causal nexus between his membership in a protected class and the Defendants' decision to reduce his hours and terminate him. We find that Plaintiff has failed to establish a *prima facie* case for his race discrimination claim.

*2. Defendants' Reason for Reduction of Hours and Termination*

Defendants assert that Plaintiff's hours were reduced because a full-time employee returned to work, and the reduction brought his hours in line with those of other part-time employees. They also contend that Plaintiff was terminated because of his multiple violations of company policy. Specifically, they cite Plaintiff engaging in personal conversation with staff members outside of the break room and his absence from work on a scheduled work day. We find this sufficient to state a legitimate, non-discriminatory reason for the reduction in hours and termination.

*3. Pretext*

Defendants also argue that Plaintiff's disparate treatment claims fail because he has not shown that the legitimate, non-discriminatory reason is a pretext for discrimination. To show that the stated reason is pretextual, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). To meet the first prong, the "nonmoving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence." Jones, 198 F.3d at 413. To meet the second prong, a plaintiff must provide evidence that shows the employer previously discriminated against

the plaintiff or other persons within the plaintiff's protected class, or the employer treated others, similarly situated, outside of the protected class more favorably. Id.

*a. Sex Discrimination Claim*

In support of his sex discrimination claim, Plaintiff points to an instance in which he was disciplined for speaking to a female nurse outside of the break room. He asserts that the female nurse was not disciplined for this incident. To the extent Plaintiff attempts to identify this female co-worker as a similarly situated employee, we do not find her to be an appropriate comparator. Relevant factors to determine whether employees are similarly situated include "that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." McCullers v. Napolitano, 427 Fed. Appx 190, 195 (3d Cir. 2011) (citing Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000). Plaintiff has not provided any evidence that the female nurse had the same supervisor, was subject to the same standards, or the absence of differentiating or mitigating circumstances that would distinguish the employer's treatment of her.

Plaintiff also argues that his hours were reduced as a result of sex discrimination. Defendants contend that Plaintiff's hours were reduced because he was a probationary, part-time employee, and a full-time employee returned to work. Defendants assert that this reduction brought Plaintiff's hours in line with the hours of the other part-time employees. Plaintiff provides no evidence to dispute Plaintiff's articulated

8

reason for the reduction in hours. For this reason, we find Plaintiff has failed to show that Defendants' explanation for his reduction in hours and termination is a pretext for sex discrimination.

### b. Race Discrimination Claim

Even assuming, *arguendo*, that Plaintiff established a *prima facie* case for race discrimination, Plaintiff has not provided evidence that casts doubt upon Defendants' reasons for his reduction in hours and termination. Plaintiff refers to an incident in which a co-worker made a racial statement to him. He also provides an affidavit from Crystal Scott that indicates the "ED" made a single racial comment.[5] Plaintiff does not argue that either of these statements were made by his supervisors or those who made the decision to reduce his hours and terminate him. Without more, Plaintiff has failed to show that Defendants' given reasons were pretexual, and his claim fails. See Fuentes, 32 F.3d at 764 (requiring a plaintiff to point to evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action").

### B. Retaliation Claim

Section 704(a) of Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . .

---

[5] The term "ED" is not defined by Scott or Plaintiff, and the "ED" is not identified by name.

because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a retaliation claim under Title VII, "a plaintiff must demonstrate that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995). Once the *prima facie* case has been established, the burden of production shifts to the employer to present a legitimate, non-retaliatory reason for the adverse employment action. Marra v. Phila Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007) (citation omitted). Then, the burden of production shifts back to the plaintiff to prove that the employer's reason was pretextual. Id.

   *a. Prima Facie Case*

    *1. Whether Plaintiff Engaged in a Protected Activity*

  To establish the first prong of a *prima facie* case for retaliation, Plaintiff must show that he engaged in an activity protected under Title VII. "A general complaint of unfair treatment is insufficient to establish protected activity under Title VII." Curray-Cramer v. Ursuline Acad. of Wilmington, Del., Inc. 450 F.3d 130, 135 (3d Cir. 2006). However, protected activity may include "informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or society in general, and

expressing support of co-workers who have filed formal charges." Sung Tran v. Delavau LLC, 615 F. Supp. 2d 381, 387 (E.D. Pa. 2009).

Plaintiff contends that he was fired for attempting to report the racial comment directed at him. Defendants argue that Plaintiff has not established that he was engaged in an activity protected under Title VII, because he was terminated before making a complaint to his supervisors, Andrew Ruscavage and Beverly Fry. Defendants' brief ignores Plaintiff's complaint to Aaron Yancy, who he described in his deposition as his direct supervisor. Recently, another court in this circuit has determined that a complaint to a supervisor about a co-worker's comment is sufficient to constitute a "protected activity." See Hoff v. Spring House Tavern, 2013 U.S. Dist. LEXIS 78782, 2013 WL 2434615 (E.D. Pa. 2013). If Yancy was Plaintiff's supervisor, as Plaintiff contends, then he has met the first requirement of a *prima facie* case for retaliation. For this reason, we find sufficient evidence for a jury to determine that Plaintiff engaged in a protected activity.

*2. Whether Plaintiff Suffered an Adverse Employment Action*

The parties do not dispute that Plaintiff's termination was an adverse employment action. Thus, we find that Plaintiff has demonstrated the second prong of the *prima facie* case.

*3. Whether There is a Causal Connection between the Protected Activity and the Adverse Employment Action*

Defendants contend that Plaintiff fails to show a causal connection between the protected activity and his termination. In determining whether a causal link exists, we

11

consider "a broad array of evidence." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007). "Where the temporal proximity between the protected activity and the adverse action is 'unusually suggestive,' it is sufficient standing alone to create an inference of causality and defeat summary judgment." Id. Plaintiff complained to Yancy on February 23, 2011. Plaintiff was terminated the following day. Assuming that Plaintiff's complaint to Yancy was a protected activity, the temporal proximity between the complaint and the termination tends to establish a causal connection. We find this sufficient to meet the final prong of the *prima facie* case.

### b. Defendants' Reason for Termination

As with the disparate treatment claims, Defendants' stated reason for terminating Plaintiff is Plaintiff's repeated violation of company policy. Specifically, Plaintiff failing to show up for work on a scheduled workday and speaking with staff members outside of the break room.

### c. Pretext

As with a disparate treatment claim, pretext in a retaliation claim may be shown "by exposing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." Marra, 497 F.3d at 306. "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the

consider "a broad array of evidence." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007). "Where the temporal proximity between the protected activity and the adverse action is 'unusually suggestive,' it is sufficient standing alone to create an inference of causality and defeat summary judgment." Id. Plaintiff complained to Yancy on February 23, 2011. Plaintiff was terminated the following day. Assuming that Plaintiff's complaint to Yancy was a protected activity, the temporal proximity between the complaint and the termination tends to establish a causal connection. We find this sufficient to meet the final prong of the *prima facie* case.

### b. Defendants' Reason for Termination

As with the disparate treatment claims, Defendants' stated reason for terminating Plaintiff is Plaintiff's repeated violation of company policy. Specifically, Plaintiff failing to show up for work on a scheduled workday and speaking with staff members outside of the break room.

### c. Pretext

As with a disparate treatment claim, pretext in a retaliation claim may be shown "by exposing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." Marra, 497 F.3d at 306. "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the

employer unlawfully [retaliated]." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

Plaintiff has not provided any evidence to establish that Defendants' articulated reason for his termination is pretextual. He admits, through his deposition testimony, that he failed to show up for work as scheduled and that he was reprimanded for speaking to employees outside of the break room on multiple occasions. Furthermore, there is no evidence in the record that Andrew Ruscavage or Beverly Fry, the employees who decided to terminate Plaintiff, were aware of Plaintiff's complaint to Yancy. Without more, we find Plaintiff has failed to demonstrate that Defendants' given reason for his termination is a pretext for discrimination, and his retaliation claim fails. See Dooley v. Roche Lab, Inc., 275 Fed. Appx. 162, 166 (3d Cir. 2008) (affirming summary judgment where a plaintiff bringing a retaliation claim failed to provide any evidence that the legitimate reason given by the employer was pretextual)*;* Capilli v. Whitesell Constr. Co., 271 Fed. Appx. 261, 266 (3d Cir. 2008) (finding temporal proximity between a protected activity and adverse employment action, alone, insufficient to demonstrate pretext where evidence supporting the employer's stated reason for termination was well documented and began before the protected activity).

*V.*     *Conclusion*

For the reasons set forth above, Defendants' motion for summary judgment will be granted.

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL L. EVERETT,
    Plaintiff

    v.      CIVIL NO. 1:12-CV-0314

GOLDEN LIVING *et al.*,
    Defendants

*O R D E R*

AND NOW, this 12th day of August, 2013, upon consideration of Defendants' motion for summary judgment (doc. 24), the briefs filed in support of and opposition thereto, and pursuant to the accompanying Memorandum, it is Ordered that:

    1. Plaintiff's motion for the Court to consider his untimely opposition brief (doc. 34) is GRANTED.

    2. Defendants' motion for summary judgment (doc. 24) is GRANTED.

    3. The Clerk of Court shall enter judgment in favor of Defendants and against the Plaintiff, and shall close this file.

                         /s/William W. Caldwell
                         William W. Caldwell
                         United States District Judge